UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOVAN MILLER, | ) |
| Movant, | ) |
| v. | ) No. 4:10-CV-2285-CEJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion will be summarily denied.

**Background**

After pleading guilty to possession of cocaine base with intent to distribute, movant was sentenced on June 25, 2004, to a 60-month term of imprisonment and a 4-year term of supervised release. See United States v. Miller, No. 4:03-CR-428-CEJ (E.D.Mo.). On December 3, 2009, the Court revoked movant's supervised release and sentenced him to a 14-month term of imprisonment. Thereafter, on September 7, 2010, movant filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on the retroactive application of Amendment 706 to the United States Sentencing Guidelines, which lowered the base offense level for cocaine base offenses. On October 20, 2010, the Court denied movant's § 3582(c)(2) motion on the ground that the sentencing guidelines do not authorize a reduction in the term of imprisonment imposed upon the revocation of supervised release. See U.S.S.G. § 1B1.10, Application Note 4(A).

Movant filed the instant § 2255 motion on December 3, 2010, seeking modification of his sentence and release from confinement, again on the basis of the change in cocaine sentencing laws. He states, "The term of supervised release that [he] is serving is unlawful," and "under the new cocaine law," he could only have been sentenced to "some 30 months," which he has now served.

### Standard

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court is required to conduct an initial review of the motion. Upon review, the Court is required to summarily dismiss the motion "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief . . ." Rule 4 of the Rules Governing § 2255 Proceedings.

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

### Discussion

The instant action will be summarily denied, because movant does not allege a cognizable basis for relief under § 2255. Although the sentencing guidelines apply to the sentencing court in the first instance, they do not provide authority for a habeas court to set aside or modify a sentence. Morales v. United States, 353 F.Supp.2d 204 (D.Mass. 2005); see also Pichardo v. United States, 2009 WL 320862 (S.D.N.Y. 2009)(§ 2255 habeas relief not available to prisoner seeking reduction of sentence due

to Sentencing Guidelines amendment, but Court could treat motion as having been brought under 18 U.S.C. § 3582(c)(2)); <u>United States v. Rios-Paz</u>, 808 F.Supp. 206, 207 (E.D.N.Y. 1992)(reduction of sentence based on subsequent amendment of Sentencing Guidelines was beyond the scope of habeas petition).

For the foregoing reasons, the Court will deny movant's § 2255 motion. Also, because the movant has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this Memorandum will be filed separately.

Dated this 13th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE